IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| LYNN A. BRENNEMAN, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 5:22-CV-7-RWS-JBB |
| WARDEN S. SALMONSON, | § § § | |
| Respondent. | § | |

# **ORDER**

Before the Court is Petitioner Lynn A. Brenneman's objections to the Magistrate Judge's Report and Recommendation. Docket No. 36. Petitioner, an inmate confined at the Federal Correctional Institution in Texarkana, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 1. The case was referred to United States Magistrate Judge J. Boone Baxter in accordance with 28 U.S.C. § 636.

On January 25, 2025, the Magistrate Judge issued a Report and Recommendation, recommending that Respondent's motion for summary judgment (Docket No. 25) be granted in part and denied in part. Docket No. 33 at 16. Specifically, the Magistrate Judge recommended granting Petitioner's request for recalculation of First Step Act ("FSA") credits to award 130 FSA time credits ("FTC"), but that the remainder of the habeas petition requesting release to a residential reentry center ("RRC") or home confinement ("HC") be denied without prejudice to Petitioner's ability to attempt to pursue such a claim in a civil rights action. *Id.* at 16–17.

Petitioner filed objections to the Report and Recommendation. Docket No. 36. Respondent has filed neither objections to the Report nor a response to Plaintiff's objections. In his objections, Petitioner agrees with all of the findings of the Magistrate Judge except that he believes his request

for placement in an RRC or HC is proper for habeas review. Petitioner argues that, after the award of 130 FTCs in this petition, his FTCs will equal the time remaining to serve on his sentence (what he refers to as the "crossover date") on April 1, 2025. Accordingly, Petitioner argues the Bureau of Prisons ("BOP") is required to transfer him to prerelease custody or supervised release on the crossover date, April 1, 2025, pursuant to 18 U.S.C. §§ 3632(d)(4)(c), 3624(g).

After careful *de novo* review of Petitioner's objections in relation to the pleadings and applicable law, the Court has determined that Petitioner's objections are without merit. As the Magistrate Judge determined, the BOP retains the discretion to determine whether to place Petitioner in another facility, transfer him to an RRC, or designate him to HC. *See Gallegos-Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012). Transfer to prerelease custody is a transfer to a lower level of confinement and, thus, there is no right or liberty interest in a particular facility conferred by §§ 3621 or 3624. *Id.*

Petitioner directs the Court to a line of cases finding that the BOP has no discretion not to transfer an inmate to prerelease once certain conditions are satisfied. *See Woodley v. Warden, USP Leavenworth*, 2024 WL 2260904 (D. Kan. May 15, 2024). However, there is another line of cases—equally forceful—rejecting the analysis in *Woodley* and finding that determinations of whether to release a prisoner to an RRC or HC are not reviewable by the courts. *See Simpson v. Bayliss,* No. 5:24-CV-154, 2024 U.S. Dist. LEXIS 189100, at *11–13 (N.D. W. Va. Oct. 17, 2024) (collecting cases); 18 U.S.C. § 3621(b) (stating that "notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court"). The Court notes that none of these cases is binding authority for this Court. However, the Court finds the latter line of cases more persuasive because they do not encroach on the BOP's authority to determine where prisoners are housed during prerelease. *See United States v. Sneed*, 63 F.3d

381, 388 n.6 (5th Cir. 1995) (§ 3624 does not impinge on BOP's authority to determine where a prisoner is housed); *see also United States v. Chaney*, 823 F.App'x 278, 279 (5th Cir. 2020).

Further, Petitioner's alternative request for immediate placement in an RRC or HC, as originally requested, is premature. Even assuming *arguendo* that Petitioner is entitled to immediate release on April 1, 2025, he will not be unlawfully confined until the passage of that date. "Because certain requirements must be met before FTCs can be applied toward an inmate's sentence, the BOP makes a distinction between 'earned' FTCs and 'applied' FTCs. For earned FTCs to be applied to a sentence, an eligible prisoner must have (1) earned FTCs in an amount equal to his or her remaining term of imprisonment, and (2) shown through periodic risk assessments a demonstrated reduction in recidivism risk or maintained a low or minimum risk during his or her incarceration, and (3) had the remainder of his term computed under applicable law." *Frierson v. Rardin*, No. 2:24-CV-12456, 2025 WL 410072, at *3 (E.D. Mich. Feb. 5, 2025) (citing 18 U.S.C. § 3624(g)(1); 28 C.F.R. §§ 523.44(b)–(d)). This distinction is important because "[o]nly 'earned' FTCs 'shall be applied toward time in prerelease custody or supervised release.' 18 U.S.C. § 3632(d)(4)(C)." *Id.*

Petitioner asserts that when the 130 FTCs awarded in this petition are added to his time calculation, his FTCs will equal his remaining time on April 1, 2025. Docket No. 36 at 2. As Petitioner has more time remaining on his sentence than time credits, he is ineligible to have his FTCs applied to his prerelease custody date at this time. Further, Petitioner also has not had the remainder of his term computed under applicable law because the time credits awarded in this petition have not yet been added nor have his time credits, as amended, been calculated by the BOP. Moreover, Petitioner could lose good time credits between now and the date he anticipates he will be released. A claim is not ripe for adjudication if it rests on some contingent future event.

*See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim resting upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all' is not fit for adjudication."). Petitioner's claim, therefore, is not ripe for adjudication at this time.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and Petitioner's objections are without merit. Accordingly, it is

**ORDERED** that Petitioner's objections (Docket No. 36) are **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 33) is **ADOPTED**. It is further

**ORDERED** that Respondent's motion for summary judgment (Docket No. 25) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Specifically, Respondent's motion is **DENIED** as to the award of time credits and **GRANTED** in all other respects. It is further

**ORDERED** that Petitioner's request in the above-styled petition for the writ of habeas corpus (Docket No. 1) for a recalculation of First Step Act credits to award 130 First Step Act time credits is **GRANTED**. It is further

**ORDERED** that the remainder of Petitioner's requests in the above-styled petition for the writ of habeas corpus (Docket No. 1), including his request for immediate release to a residential reentry center or home confinement, is **DENIED** without prejudice.

**So ORDERED and SIGNED this 26th day of March, 2025.**

*[signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE